| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------X<br>ELLIOT ARMSTRONG &<br>GERALD BOYCE<br><br>                Plaintiffs,<br><br>      -against-<br><br>THE CITY OF NEW YORK,<br>P.O. NICHOLAS PRISCO,<br>LT. YASER SALIM,<br>P.O. "JANE DOE" and<br>P.O "JOHN DOE" 1-10.<br><br>1'through'10 inclusive,<br>the names of the last Defendants<br>being fictitious, the true names<br>of the Defendants being unknown<br>to the Plaintiff(s).<br><br>                Defendants.<br>-----------------------------------------------------------X | Case: 18-cv-3339<br><br>**COMPLAINT**<br><br>PLAINTIFF'S DEMAND<br>TRIAL BY JURY |

      Plaintiffs ELLIOT ARMSTRONG & GERALD BOYCE, by and through their attorney, Paul Hale, Esq. 26 Court St. Ste 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, P.O. NICHOLAS PRISCO, LT. YASER SALIM and JOHN/JANE DOES 1-10 collectively referred to as the Defendants, upon information and belief allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiffs'

claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiffs' federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiffs' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Kings in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. ELLIOT ARMSTRONG is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. GERALD BOYCE is citizen of the United States, resides in New York, and is a resident of

the State of New York.

9. At all times relevant to this action, Defendant P.O. NICHOLAS PRISCO was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant LT. YASER SALIM was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

12. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

13. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

14. On or about 7/13/2017, at approximately 11:30 am., ELLIOT ARMSTRONG & GERALD BOYCE were in front of 834 Herkimer Street in Brooklyn, NY.

15. At the above time and place approximately 6 police officers approached ELLIOT ARMSTRONG & GERALD BOYCE.

16. P.O. NICHOLAS PRISCO & LT. YASER SALIM were in the group of officers that approached ELLIOT ARMSTRONG & GERALD BOYCE.

17. P.O. NICHOLAS PRISCO ordered MR. ARMSTONG to open the door of 834 Herkimer

Street.  MR. ARMSTONG, using the front door key, opened the front door of 834 Herkimer Street as commanded too.

18. LT. YASER SALIM then told his subordinate P.O. NICHOLAS PRISCO to arrest MR. ARMSTONG and MR. BOYCE.

19. P.O. NICHOLAS PRISCO arrested MR. ARMSTONG for trespassing; claiming he did not have permission to be in 834 Herkimer Street, despite him having a key and the P.O. ordering him to open the door.

20. P.O. NICHOLAS PRISCO arrested MR. BOYCE for trespassing, despite the fact he never entered the premises.

21. Both plaintiffs were placed under arrest and handcuffed.

22. ELLIOT ARMSTRONG & GERALD BOYCE both had personal possessions in 834 Herkimer Street, including furniture, clothes, cookware, and BBQ grilling equipment.

23. ELLIOT ARMSTRONG & GERALD BOYCE both had legal permission to be inside of 834 Herkimer Street.  The tenant of record, "N. M.", had given MR. ARMSTRONG permission to be inside and the key to her house – they were friends and neighbors for over five years. In fact, MR. ARMSTONG lives next door in the adjoining house – 832 Herkimer Street.

24. After being handcuffed, both plaintiff were transported to the 81st Precinct where they were booked, photographed and fingerprinted.

25. MR. ARMSTRONG & MR. BOYCE were then transported to central booking and saw a Judge who released them on their own recognizance approximately 24 hours later.

26. P.O. NICHOLAS PRISCO then drafted false documents claiming that MR. ARMSTRONG & MR. BOYCE were trespassing at 834 Herkimer Street.  P.O. NICHOLAS PRISCO then initiated a fraudulent criminal prosecution against MR. ARMSTRONG & MR. BOYCE.

27. MR. ARMSTRONG & MR. BOYCE made numerous Court appearances before all charges were dismissed.

28. At no time did Plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

29. The unlawful arrest of Plaintiffs, Plaintiffs' wrongful imprisonment because of Defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

30. As a direct and proximate result of Defendants' actions, Plaintiffs were arrested and detained without just or probable cause.

31. As a direct and proximate result of Defendants' actions, Plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

32. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

33. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

34. The actions of Defendants, acting under color of State law, deprived Plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular,

the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

35. By these actions, Defendants have deprived Plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

36. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

37. Plaintiffs hereby restate all paragraphs above of this Complaint as if fully set forth here.

38. By detaining and imprisoning Plaintiffs, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

39. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

40. As a direct and proximate cause of the acts of the Defendants, Plaintiffs suffered the

following injuries and damages:

    A. Arrests not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions;

    C. Deprivations of liberty without due process of law;

    D. Summary punishment imposed upon them; and

    E. Denial of equal protection under the law.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### 42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment– against all Defendants

42. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

43. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

44. The Defendant Police Officers were present for the above-described incident and witnessed other Defendants' actions.

45. The Defendant Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

46. The Defendant Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and

damages set forth above.

**AS A THIRD CAUSE OF ACTION:**
*Monell* **claim**[1]

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

48. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988.

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

4. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
6/7/2018

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344